IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ALI MOORE, | * | |
| Plaintiff, | * | |
| v. | * | |
|  | * | Civil No. 25-3009-BAH |
| CENTRAL INTELLIGENCE AGENCY (CIA) ET AL, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff Ali Moore ("Plaintiff") filed the above-captioned complaint pro se together with a motion for leave to proceed in forma pauperis, ECF 2, which shall be granted.[1]

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a

---

[1] The Clerk's Office issued a deficiency notice. *See* ECF 3. Plaintiff appears to have corrected this deficiency. ECF 4.

district court may not "conjure up questions never squarely presented"). Here, Plaintiff's complaint will be dismissed as frivolous.

Plaintiff alleges that he "discovered anomalies in family records, reporting inconsistencies that could not be explained except through external interference—what Plaintiff identifies as CIA involvement." ECF 1, at 3. Based on these facts, he alleges violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, the Federal Tort Claims Act, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and brings a claim for intention infliction of emotional distress. *Id.* at 5. Plaintiff asks this Court to "[r]ecognize and restore Plaintiff's family lineage and public identity as untampered"; "[i]ssue injunctive relief prohibiting the CIA from further interference with Plaintiff's records or classification"; and award damages and attorney's fees. *Id.*

In addition to its "inherent authority" to dismiss "frivolous complaints," *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014), a court can also dismiss a complaint sua sponte for failure to state a claim, *Webb v. EPA*, 914 F.2d 1493 (Table) (4th Cir. 1990). Section 1915(e) "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). As such, "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even construing the complaint liberally, Plaintiff's complaint cannot be read to bring any claim for which this Court can afford relief. As such, it will be dismissed as frivolous.

Accordingly, it is this 15th day of September, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF 2, is GRANTED;

2. Plaintiff's complaint is DISMISSED as frivolous; and

3. The Clerk SHALL CLOSE this case and PROVIDE a copy of this Order to Plaintiff.

                                                                                    /s/
                                                            Brendan A. Hurson
                                                            United States District Judge